1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      JOHN A. MAGANA,                              No.  2:23-cv-2007 AC P

12                  Plaintiff,

13           v.                                      ORDER

14      CSP SOLANO CDCR, et al.,

15                  Defendants.

16

17          Plaintiff is a former state inmate who filed this civil rights action pursuant to 42 U.S.C.

18  § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for

19  this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot

20  afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to

21  proceed in forma pauperis is granted.

22          I.      Statutory Screening of Prisoner Complaints

23          The court is required to screen complaints brought by prisoners[1] seeking relief against "a

24  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

25  The federal in forma pauperis statute also authorizes federal courts to dismiss a case if the action

26  "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

27  _____

[1]  Plaintiff was incarcerated at the time he filed his lawsuit but was recently released on parole.
28  See ECF No. 7.

                                                 1

1    seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

2    § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3    Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is

4    based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989).

8         In order to avoid dismissal for failure to state a claim a complaint must contain more than

9    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

10   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

11   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

13   court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

14   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

15   inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When

16   considering whether a complaint states a claim, the court must accept the allegations as true,

17   Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

18   favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

19        II.     Factual Allegations of the Complaint

20        The complaint alleges that the unnamed warden of California State Prison (CSP)-Solano,

21   Dr. Cortez, and physician's manager Keursten violated plaintiff's rights under the Eighth

22   Amendment.  ECF No. 1.  Specifically, plaintiff alleges that he reported to Cortez, his primary

23   care physician, that he was experiencing severe back pain and was concerned that the

24   osteomyelitis infection he had experienced five years ago had returned.  Id. at 3-5.  Cortez told

25   plaintiff he was in line to go to an outside hospital for an x-ray since there was no x-ray

26   technician at the prison, but it took three months for plaintiff to be sent out during which time he

27   did not receive any pain medication.  Id.  After plaintiff's x-ray came back, he was initially

28   misdiagnosed as having arthritis.  Id.  Three weeks later Cortez called plaintiff back and told him

1    he was being sent to the hospital because he had an osteomyelitis abscess in his spine.  Id.

2        III.    Claims for Which a Response Will Be Required

3        After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that

4    plaintiff has adequately stated a valid claim for relief pursuant to the Eighth Amendment against

5    defendant Cortez for failing to provide plaintiff with pain medication for his back.

6        IV.    Failure to State a Claim

7        However, the allegations in the complaint are not sufficient to state any other claims for

8    relief against Cortez or any claims for relief against the warden or defendant Keursten.  Aside

9    from failing to provide plaintiff with pain medication, there are no facts showing that Cortez

10   knew of a risk to plaintiff's health or safety and then ignored it, and the allegation that he

11   misdiagnosed plaintiff is not sufficient to state a claim for deliberate indifference.  See Wilhelm

12   v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (negligent misdiagnosis does not constitute

13   deliberate indifference).  Although it took three months for plaintiff to get an x-ray, there are no

14   facts showing that Cortez was responsible for or had any control over the delay.  Plaintiff has

15   failed to state any claims against the warden or Keursten because he has not alleged any conduct

16   by either defendant.  It appears to the court that plaintiff may be able to allege facts to fix these

17   problems.  Therefore, plaintiff has the option of filing an amended complaint.

18       V.    Options from Which Plaintiff Must Choose

19       Based on the court's screening, plaintiff has a choice to make.  After selecting an option

20   from the two options listed below, plaintiff must return the attached Notice of Election form to

21   the court within 21 days from the date of this order.

22       **The first option available to plaintiff is to proceed immediately against defendant**

23   **Cortez on the Eighth Amendment claim based on the failure to provide pain medication.**

24   **By choosing this option, plaintiff will be agreeing to voluntarily dismiss all other claims**

25   **against defendant Cortez and all claims against the warden and defendant Keursten.  The**

26   **court will proceed to immediately serve the complaint and order a response from defendant**

27   **Cortez.**

28   ////

3

1    **The second option available to plaintiff is to file an amended complaint to fix the**

2    **problems described in Section IV against the defendants.  If plaintiff chooses this option, the**

3    **court will set a deadline in a subsequent order to give plaintiff time to file an amended**

4    **complaint.**

5         VI.      Plain Language Summary of this Order for Party Proceeding Without a Lawyer

6              Some of the allegations in the complaint state claims against the defendants and some do

7    not.  You have stated a claim against defendant Cortez for not giving you pain medication.  You

8    have not stated any other claims against him or against the warden or Keursten.

9              You have a choice to make.  You may either (1) proceed immediately on your Eighth

10   Amendment claim for failure to provide pain medication against Cortez and voluntarily dismiss

11   all other claims and defendants; or (2) try to amend the complaint.  To decide whether to amend

12   your complaint, the court has attached the relevant legal standards that may govern your claims

13   for relief.  See Attachment A.  Pay particular attention to these standards if you choose to file an

14   amended complaint.

15                                              CONCLUSION

16             In accordance with the above, IT IS HEREBY ORDERED that:

17             1.   Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

18             2.   Plaintiff has not stated any claims for which relief can be granted except for his Eighth

19   Amendment claim against defendant Cortez for failing to provide pain medication.

20             3.   Plaintiff has the option to proceed immediately on his Eighth Amendment claim

21   against defendant Cortez as set forth in Section III above, or to file an amended complaint.

22             4.   Within 21 days from the date of this order, plaintiff shall complete and return the

23   attached Notice of Election form notifying the court whether he wants to proceed on the screened

24   complaint or whether he wants to file an amended complaint.

25             5.   If plaintiff does not return the form, the court will assume that he is choosing to

26   proceed on the complaint as screened and will recommend dismissal without prejudice of all

27   ////

28   ////

1  claims and defendants except for his Eighth Amendment claim against defendant Cortez for

2  failing to provide pain medication.

3  DATED: October 30, 2024

4  _____
   ALLISON CLAIRE
5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7                             UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10      JOHN A. MAGANA,                              No.  2:23-cv-2007 AC P

11                      Plaintiff,

12              v.                                   NOTICE OF ELECTION

13      CSP SOLANO CDCR, et al.,

14                      Defendants.

15

16          Check one:

17      _____  Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant

18          Cortez for failing to provide pain medication without amending the complaint.  Plaintiff

19          understands that by choosing this option, the all other claims against defendant Cortez and

20          all claims against defendants CSP-Solano warden and Keursten will be voluntarily

21          dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

22

23      _____  Plaintiff wants time to file an amended complaint.

24

25      DATED:_____

26                                                  _____
                                                    John A. Magana
27                                                  Plaintiff pro se

28

                                              1

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief.  Pay particular attention to these standards if you choose to file an amended complaint.

       I.       Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.

       II.       Legal Standards Governing Substantive Claims for Relief

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

1

1  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

2  plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

3  condition could result in further significant injury or the 'unnecessary and wanton infliction of

4  pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

5  existence of an injury that a reasonable doctor or patient would find important and worthy of

6  comment or treatment; the presence of a medical condition that significantly affects an

7  individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

8  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

9         Second, the plaintiff must show the defendant's response to the need was deliberately

10  indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

11  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

12  indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

13  which the inference could be drawn that a substantial risk of serious harm exists," but that person

14  "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

15  approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

16  showing of merely negligent medical care is not enough to establish a constitutional violation.

17  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A

18  difference of opinion about the proper course of treatment is not deliberate indifference, nor does

19  a dispute between a prisoner and prison officials over the necessity for or extent of medical

20  treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

21  (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of

22  medical treatment, "without more, is insufficient to state a claim of deliberate medical

23  indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

24  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

25  prisoner must show that the delay caused "significant harm and that Defendants should have

26  known this to be the case."  Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

27

28

2